UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD F. KHALIL,

        Plaintiff,

v.

TRANSUNION, LLC, *et. al.*,

        Defendants.

_____/

Case No. 08-10303

Paul V. Gadola
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS

## I.     PROCEDURAL HISTORY

This matter involves plaintiff's claims against a bank and a credit reporting

agency under the Federal Fair Credit Reporting Act (FCRA) for damages due to

the reporting of fraudulent loans on his credit report. Plaintiff filed his complaint

on January 22, 2008 against defendants Trans Union, a credit reporting agency

(referred to as a "consumer reporting agency" in the FCRA) and Washington

Mutual Bank (Washington Mutual). (Dkt. # 1). Trans Union filed an answer to the

complaint on February 18, 2008. (Dkt. # 9). Washington Mutual filed a motion to

dismiss on March 21, 2008. (Dkt. # 15). Plaintiff filed a response on April 3,

2008 and Washington Mutual filed a reply on April 17, 2008. (Dkt. # 17, 18).

1

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Washington Mutual's motion to dismiss was referred to the undersigned by District Judge Paul V. Gadola pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. # 19). Pursuant to an Order of the Court, the parties submitted a Joint Statement of Resolved and Unresolved Issues on May 20, 2008. (Dkt. # 21, 22).[1] A hearing was held on May 27, 2008, at which counsel for plaintiff and Washington Mutual appeared in person and counsel for Trans Union appeared by telephone.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff be permitted 21 days from the date the District Court adopts this Report and Recommendation to file an amended complaint; and if plaintiff fails to do so, the undersigned recommends that the District Court **GRANT** Washington Mutual's motion to dismiss.

## II. STATEMENT OF FACTS

A. <u>Plaintiff's Complaint Against Defendants</u>.

According to plaintiff's complaint, sometime in 2001, Mr. Kalil Khalil, plaintiff's brother, set up a scheme to defraud mortgage companies involving several million dollars. Apparently, Mr. Khalil engaged in this fraud with another

---

[1] Pursuant to the parties' Joint Statement of Resolved and Unresolved Issues, they have agreed to dismiss plaintiff's claim against Washington Mutual pursuant § 1681s-2(a)(3) of the FCRA. (Dkt. # 22).

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

individual named Tariq Hamed.  Together, Mr. Khalil and Mr. Hamed formed

bogus title companies and stole numerous identities of people, including family

members.  In June 2003, Mr. Khalil and Mr. Hamed were arrested on several

counts of mortgage fraud and both pleaded guilty.  (Dkt. # 1).

     One of the identities stolen belonged to plaintiff, Dr. Mohammad Khalil.  In

2001, using plaintiff's identity, Mr. Khalil obtained two mortgage loans from

Washington Mutual in the amounts of $261,200 and $244,875.  When plaintiff

discovered that these debts were reported on his credit report, he contacted

Washington Mutual and advised it that these debts did not belong to him.

According to plaintiff, Washington Mutual denied relief and continued to report

the disputed debts to the nationwide consumer reporting agencies (CRAs).  *Id.*

     On August 23, 2007, plaintiff sent letters to three nationwide CRAs,

Experian, Equifax and Trans Union, demanding a reinvestigation of the debts that

were reported by Washington Mutual.  In his letters to each of the credit reporting

agencies, plaintiff claims that he provided all of the necessary information to

advise these parties that the debts were not his obligations.[2]  After apparently

---

[2] There is apparently a typographical error in paragraph 22 of plaintiff's
complaint, which actually reads: "In his letters to each of the Equifax and the
Credit Reporting Agencies, Dr. Khalil provided all of necessary information to
advise these parties that these debts were obligations of his."

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303
3

reinvestigating, Equifax and Experian removed all references to the disputed debt provided by Washington Mutual from his credit reports. Trans Union, however, failed or refused to remove references to both mortgages on plaintiff's credit report. According to plaintiff, both Washington Mutual and Trans Union failed or refused to undertake a good faith reinvestigation of these debts as required by the FCRA and Washington Mutual wrongfully took the position that the request for reinvestigation was frivolous. *Id.*

With respect to his claim against Trans Union, plaintiff asserts that Trans Union was required to "forward all relevant information that it received on behalf of the Plaintiff regarding the debts to co-Defendant [Washington Mutual]." (Dkt. # 1, ¶ 30). Plaintiff claims, on "information and belief," that Trans Union failed to do so and that both defendants failed to reinvestigate the disputed debts pursuant to § 1681s-2(b). (Dkt. # 1, p. 4, ¶ 32).

Plaintiff also claims that Washington Mutual, like Trans Union, was under a duty to conduct a good faith reinvestigation into the disputed debts and willfully failed to do so. Plaintiff claims that had Washington Mutual done so, it would have retracted any information related to the disputed debts on plaintiff's nationwide credit report with Trans Union. (Dkt. # 1).

B.    <u>Defendant Washington Mutual's Motion to Dismiss</u>

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Washington Mutual alleges that there is no private cause of action under § 1681s-2(b) for any alleged failure to reinvestigate the disputed debts, as claimed by plaintiff.  (Dkt. # 15, p. 4, citing, Dkt. # 1, ¶ 32).  Washington Mutual suggests that the Sixth Circuit has not directly spoken on this issue in a published opinion, but points out that two district courts in this circuit have determined as such. (Dkt.# 15, p. 5, citing, *Carney, supra*, and *Zamos II v. Asset Acceptance*, 423 F.Supp.2d 777, 787-88 (N.D. Ohio 2006)).

Washington Mutual  further argues that even if plaintiff has a private cause of action under § 1681s-2(b), Washington Mutual had no duty to reinvestigate because a furnisher of credit information has no responsibility to investigate a credit dispute until after it receives notice from a CRA and the complaint failed to allege that Trans Union or any other CRA had given such notice to Washington Mutual.  In other words, direct notification from a consumer is not enough.  *Id.* at 6.  The crux of Washington Mutual's argument is as follows:

> Here, Plaintiff alleges that he contacted Washington Mutual directly to dispute the debts at issue. Cmplt. ¶ 18. Plaintiff then contacted TransUnion and allegedly provided TransUnion information establishing that the Washington Mutual debts were not his. Cmplt. ¶ 21-22. Nowhere, however, does Plaintiff allege that TransUnion notified Washington Mutual of Plaintiff's dispute and provided it with Plaintiff's information.  In fact, Plaintiff alleges exactly the opposite—that TransUnion never

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

5

> reinvestigated the debts and never forwarded his
> information to Washington Mutual. Cmplt. ¶¶ 30-32.

According to Washington Mutual, under these facts, even if plaintiff has a private cause of action under § 1681s-2(b), he has failed to state a claim because he has failed to allege in the complaint that Washington Mutual's duty to reinvestigate the debts was ever triggered by the required notice from a CRA under § 1681i(a)(2). (Dkt. # 15, pp. 6-7).

C.   <u>Plaintiff's Response to Motion to Dismiss</u>

Plaintiff argues that the Sixth Circuit joined the Fourth, Fifth, and Ninth Circuits in finding that a private cause of action exists under § 1681s-2(b), citing, *Bach v. First Union Nat'l Bank*, 486 F.3d 150 (6th Cir. 2007) ("*Bach II*"). In *Bach I*, the plaintiff was a victim of identity theft by her granddaughter. The plaintiff refused to press charges or to repay the debt and the furnisher placed a derogatory item on the plaintiff's credit report. The plaintiff submitted a formal dispute with the CRAs and the furnisher's duty to conduct a reinvestigation of the disputed debt was triggered under § 1681s-2(b). The furnisher, however, continued to report the disputed debt. The jury found that the furnisher willfully violated FCRA and awarded compensatory and punitive damages. *Bach v. First Union Nat'l Bank*, 149 Fed.Appx. 354, 356 (6th Cir. 2005) ("*Bach I*").

6

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Plaintiff suggests that, in *Bach II*, the Sixth Circuit concluded that the plaintiff had a private cause of action against the furnisher:

> We recognize that FUNB engaged in blameworthy conduct in this case. As the jury's verdict established, FUNB continued to report unfavorable credit information regarding Bach even after receiving notification from Bach, an elderly widow, that the information was inaccurate. Without question, these actions merit strong disapproval and justify an award of punitive damages.

*Bach II*, 486 F.3d at 155. While the Sixth Circuit found the jury's award of punitive damages excessive and unconstitutional, plaintiff argues that *Bach II* is the first published appellate decision to give a "nod of approval" to a consumer's right to pursue a claim against a furnisher under § 1682s-2(b). (Dkt. # 17, pp. 5-6).

Plaintiff disputes Washington Mutual's position that, because plaintiff admits in the complaint that Trans Union failed to provide Washington Mutual with notice of the dispute, Washington Mutual had no duty to reinvestigate the disputed debts. Plaintiff urges the Court to reject Washington Mutual's attempt to "misconstrue" the complaint to suggest that Trans Union never forwarded *any* information to Washington Mutual. (Dkt. # 17, p. 8). Rather, according to plaintiff, his complaint alleges that Trans Union did not forward *all* of the relevant information as required to by FCRA, but, by forwarding *any* notice or information of plaintiff's dispute, Washington Mutual's obligation to conduct a reinvestigation

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

was still triggered.  *Id*. at 9.  In support of his position, plaintiff points out that Washington Mutual must have received notice of the dispute submitted by plaintiff from two CRAs, Equifax and Experian, and that plaintiff's dispute with those CRAs resulted in the removal of the disputed debts with them.  *Id*. at 9.

D.    Washington Mutual's Reply

Washington Mutual distinguishes the cases on which plaintiff relies for the proposition that three circuits have recognized a private cause of action under § 1682s-2(b).  (Dkt. # 18).  Washington Mutual points out that two of the cases, *Banks v. Stoneybrook Apartments*, 232 F.3d 888 (4th Cir. 2000) and *Geeslin v. Nissan Motor Acceptance*, 228 F.3d 408 (5th Cir. 2000), are unpublished and that the reasoning of *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002) explicitly rejected in *Zamos II*, which it contends is persuasive authority from within the Sixth Circuit.

Washington Mutual also takes issue with plaintiff's claim that *Bach II* is a published decision from the Sixth Circuit standing for the proposition that a consumer has a private cause of action under § 1682s-2(b).  According to Washington Mutual, while *Bach II* is published, it did not address the issue of a private cause of action under § 1681s-2(b).  Rather, it only decided issues pertaining to the punitive damages award and explicitly rejected reconsideration of any issues

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

8

decided in the Court's earlier *unpublished* opinion, *Bach I*.  Washington Mutual

further contends that the private cause of action issue under § 1681s-2(b) does not

appear to have been raised on appeal in *Bach I* and was only briefly addressed in the

unpublished opinion as dictum.[3]  (Dkt. # 18).

Washington Mutual also argues that plaintiff's response actually supports its

assertion that he fails to state a claim because he concedes that Washington

Mutual's duty to conduct a good faith investigation arises under § 1681s-2(b), *only*

after it receives the statutory notice from the CRA  under § 1681i(a)(2), which

provides that "[t]he notice shall include all relevant information regarding the

dispute that the agency has received from the consumer or reseller."  (Dkt. # 17, pp.

3-4).  Thus, according to Washington Mutual, the furnisher's duty to investigate is

not triggered until "all relevant information" is received from the CRA.  *Id.*

Washington Mutual argues that this Court should reject plaintiff's suggestion

that Washington Mutual must have had proper notice because it removed notice of

the debts to the other two credit reporting agencies, even though the complaint does

not contain this allegation.  (Dkt. # 17, p. 4).  Washington Mutual contends that this

---

[3] The statement in *Bach I* that Washington Mutual argues is dictum is as
follows: "While a consumer cannot bring a private cause of action for a violation
of a furnisher's duty to report truthful information, a consumer may recover
damages for a willful violation of 15 U.S.C. § 1681s-2(b)(1)(A)-(D)."  *Id.*, citing,
*Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 782-83 (W.D. Ky. 2003).

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

9

argument shows that plaintiff's counsel did not make a reasonable inquiry before filing the complaint and is engaged in an improper "fishing expedition" based on a "hunch," citing, *Densmore v. General Motors Acceptance Corp.*, 2003 WL 22220177, at *2 (N.D. Ill. 2003). (Dkt. # 17, pp. 4-5). Like the plaintiff in *Densmore*, Washington Mutual argues that plaintiff here took no steps to confirm his "hunch" that Washington Mutual received any notice from Trans Union, let alone the type of notice that is required under § 1681i(a)(2). Thus, according to Washington Mutual, plaintiff fails to state a claim against it for willfully failing to reinvestigate the disputed debts. (Dkt. # 17, pp. 4-5).

## III.   DISCUSSION

A.   <u>Standard of Review</u>.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of*

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

10

*Cleveland Fire Fighters v. City of Cleveland*, 502, F.3d 545, 548 (6th Cir. 2007),

quoting, *Twombly*, at 1964-65 (citations and quotation marks omitted).

And, while a complaint need not contain "detailed" factual allegations, its

"[f]actual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true." *Id.*,

quoting, *Twombly*, at 1965 (internal citation and quotation marks omitted); *see also*

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)

(emphasis in original) (The factual allegations in a complaint need not be detailed

but they "must do more than create speculation or suspicion of a legally cognizable

cause of action; they must show *entitlement* to relief.").

*Twombly* also referred to "plausibility" as the measure of pleading

sufficiency, stating that allegations must "nudge[ ] ... claims across the line from

conceivable to plausible" to survive a motion to dismiss, but cautioned that it was

not adopting or applying a "heightened pleading standard." *Id*. at 1974. As one

district court recently observed, the "plausibility" standard has caused some

confusion and uncertainty in the federal courts. *Interspan Distribution Corp. v.*

*Liberty Ins. Underwriters, Inc*., 2008 WL 905354, *8 (S.D. Tex. 2008).

The Third Circuit concluded that it is related to the requirement of a Rule 8

"showing," which only requires notice of a claim and its grounds, as opposed to a

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

11

pleader's bare averment that he wants relief and is entitled to it. *Interspan*, at *8, citing, *Phillips v. Allegheny Co.*, 515 F.3d 224, 234 (3d Cir. 2008) (internal citations and quotation marks omitted). "The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, at 234. The Second Circuit has summarized *Twombly* as endorsing "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Interspan*, at *8, quoting, *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007).

The task before this Court is two-fold. First, it must determine whether plaintiff is permitted to pursue a claim against a furnisher under § 1681s-2(b). If so, then it must also determine whether plaintiff's complaint sets forth sufficient facts to suggest that his recovery under § 1681s-2(b) against Washington Mutual is plausible. Of course, in conducting the second inquiry, the Court must accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

    B.    <u>Plaintiff Has Standing Under § 1681s-2(b)</u>.

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

12

The FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information and "covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Ruggiero v. Kavlich*, 411 F.Supp.2d 734, 736 (N.D. Ohio 2005). Although the term "furnisher" is not defined by the FCRA, the courts have defined it as "an entity … which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies." *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496, 501 (W.D. Tenn. 1999). As an entity that provides information regarding consumers to consumer reporting agencies, Washington Mutual concedes that it qualifies as a "furnisher" of information under FCRA. 15 U.S.C. § 1681s-2(a).

The issue is, however, whether a consumer may proceed against a furnisher under § 1681s-2(b). Recently, the Southern District of Ohio held, in accordance with the majority of federal court decisions on this issue, that a consumer has a private cause of action under § 1681s-2(b). In *Sweitzer v. American Express Centurion Bank*, ___ F.Supp.2d ___; 2008 WL 820090 (S.D. Ohio 2008), while the court ultimately concluded that the plaintiff's FCRA claims were barred by the statute of limitations, it also soundly rejected the furnisher's claim that there was no private cause of action under § 1681s-2(b):

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

The majority consensus among the courts that have
addressed the issue is that 15 U.S.C. § 1681s-2(b) created
a private right of action by a consumer against a data
furnisher. *See generally Stafford v. Cross Co. Bank*, 262
F.Supp.2d 776, 783-784, 783 n. 4 (W.D. Ky. 2003). The
Sixth Circuit stated, albeit in an unpublished opinion, that
15 U.S.C. § 1681s-2(b) created a private right of action by
a consumer against a data furnisher. *Bach v. FirstUnion
Nat. Bank*, 149 Fed.Appx. 354, 359-360 (6th Cir. 2005)
("While a consumer cannot bring a private cause of action
for a violation of a furnisher's duty to report truthful
information, a consumer may recover damages for ...
violation of 15 U.S.C.§ 1681s-2(b)(A)-(D).") (citing
*Stafford*, 262 F.Supp.2d at 782-783). Thus, the Court is
not convinced that it should follow the Northern District
of Ohio, which adopted the minority position. *See Zamos
II v. Asset Acceptance, LLC*, 423 F.Supp.2d 777, 787-788
(N.D. Ohio 2006) (following the minority position).

Notably, the *Sweitzer* court specifically rejected the reasoning of *Zamos II*,

relied on by Washington Mutual in this case. As observed by the *Sweitzer* court,

the vast majority of federal authority has reached this result, consistent with *Bach I*.

*See e.g., Miller v. Wells Fargo & Co.*, 2008 WL 793676 (W.D. Ky. 2008) (While a

consumer cannot bring a private cause of action for a furnisher's violation of its

duty to report accurate information, consumers are authorized, under §§ 1681n and

1681o, to bring a private cause of action for a furnisher's willful or negligent

violation of its § 1681s-2(b) duties.); *Nelson v. Chase Manhattan Mortgage Corp.*,

282 F.3d 1057 (9th Cir. 2002) (Individual consumer has private right of action

Report and Recommendation
Washington Mutual's Motion to Dismiss
14                    *Khalil v. Trans Union, et al*, Case No. 10303

under § 1681s-2(b)); *Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 11 (D. Mass. 2004)

("While there is not unanimity on the issue, the majority of courts that have

considered the issue have concluded that there is a private cause of action under

§ 1681s-2(b) as there is no statutory ban on such a claim."); *Saunders v. Branch*

*Banking and Trust Co. of Va.*, ___ F.3d ___; 2008 WL 2042620 (4th Cir. 2008)

(same).  Based on the language of the statute and the above authority, both from

within the Sixth Circuit and without, I conclude that a consumer is permitted to

bring a private cause of action against a furnisher under § 1681s-2(b).

C.    Plaintiff's Complaint Fails to Include Allegations Essential to State A
      Claim Against Washington Mutual Under § 1681s-2(b).

      1.    Furnisher's duties under § 1681s-2(b).

As recently set forth in *Miller, supra*, the FCRA imposes a duty on

furnishers of credit information to report accurate information to CRAs regarding a

consumer's credit.  Further, on receiving notice from a CRA that a consumer

disputes the information that a furnisher has provided, the furnisher must: (1)

conduct an investigation with respect to the disputed information; (2) review all of

the relevant information provided to it by the CRA; (3) report the results of its

investigation to the CRA; and (4) correct any inaccuracies uncovered by the

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

investigation by reporting them to all of the national CRAs.  *Miller*, at *4, citing, 15

U.S.C. § 1681s-2(a)(1)(A)-(D) and *Bach I.*

Further, it is well-established that, in order to trigger a furnisher's duties

under § 1681s-2(b), it must receive notice from a CRA and that receipt of notice

from a consumer is, by itself, insufficient.  *Miller*, at *4, citing, *Stafford v. Cross*

*Country Bank*, 262 F.Supp.2d 776, 783-784 (W.D. Ky. 2003).  The critical issue in

this case is whether plaintiff has sufficiently pleaded that Washington Mutual

received notice of the disputed debt from a CRA.

2.      Sufficient pleading of notice to a furnisher by a CRA.

As set forth in detail above, Washington Mutual maintains that plaintiff has

failed to state a claim because he fails to assert that Trans Union provided the

requisite statutory notice, which is required to trigger Washington Mutual's

obligation to conduct a reinvestigation.  The Sixth Circuit has not spoken directly

on what allegations are sufficient to allege notice for purposes of Rule 12(b)(6).  In

*Downs v. Clayton Homes*, 88 Fed.Appx. 851, 853-854 (6th Cir. 2004) it merely held

that, where the plaintiffs failed to even allege that they filed a dispute with a CRA,

they could not possibly show that the furnisher received notice of the dispute from a

CRA and thus, failed to state a claim.  Many other courts have, however, addressed

this specific issue.

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Some courts have concluded that a specific allegation by the consumer that the CRA notified the furnisher of the dispute is not necessary.[4]  For example, one court concluded that an allegation claiming that the consumer notified the CRA and the furnisher is sufficient to satisfy pleading requirements because whether the statutory notice was actually given is outside the plaintiff's knowledge at the pleading stage.  *Sullivan v. Equifax*, 2002 WL 799856, *2 n. 3 (E.D. Pa. 2002).

Similarly, the Seventh Circuit in *Lang v. TCF Nat. Bank*, 249 Fed.Appx. 464, 466 (7th Cir. 2007), relying on *Twombly*, concluded that federal notice pleading, which merely requires that a defendant receive "fair notice" of plaintiff's claim and that recovery be "plausible," did not require such a specific allegation where the plaintiff alleged that he provided notice to the CRA and that the furnisher refused to investigate or correct the error.  The Seventh Circuit also concluded that an alternative basis existed for its conclusion that a specific allegation that the CRA notified the furnisher was not strictly necessary:  "The FCRA does not require a CRA to tell a *consumer* when it notifies a *furnisher of information* about the

---

[4] One court has observed, however, that the line of cases concluding that the notice allegation was not strictly necessary also acknowledged that the complaints at issue in those cases "did not sufficiently allege whether the defendants' duties were triggered under the FCRA."  *Gonzalez v. Ocwen Financial Services, Inc.*, 2003 WL 23939563, *3 (N.D. Cal. 2003), citing, *Vazquez-Garcia v. Trans Union de Puerto Rico*, 222 F.Supp.2d 150, 158 (D. P.R. 2002) and *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 362-63 (E.D. Pa. 2001).

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

17

consumer's dispute.  As a result, a consumer may not, at the time of filing a

complaint, be in a position to allege that notification."  *Id*. at 466 (emphasis in

original).  The Seventh Circuit observed, however, that the furnisher may have a

compelling summary judgment argument should the evidence show that it did not

receive any notice from the CRA, but that the plaintiff's recovery under the FCRA

remained "plausible" for purposes of a motion to dismiss.  *Id*. at 467.[5]

Other courts, post-*Twombly*, require a consumer to specifically allege that the

debt was disputed with the CRA and that the CRA notified the furnisher of the

dispute because Rule 8(a)(2) requires a "showing" of entitlement to relief.  *Jones v.*

*Select Portfolio Servicing, Inc.*, 2008 WL 1820935, *8 (E.D. Pa. 2008).  In

evaluating an FCRA claim against a furnisher, one court explained that under

*Twombly*, it must "evaluate a complaint on two dimensions to determine whether it

states a claim."  *Allmond v. Bank of America*, 2008 WL 205320, *3 (M.D. Fla

2008).  First, the court "must determine whether the complaint addresses all the

material elements necessary to recover under some legal theory."  *Id*.  Second, the

court "must determine whether the complaint addresses these elements with factual

---

[5]  Notably, Washington Mutual was one of the furnishers in *Lang* and the
Seventh Circuit stated that "Washington Mutual properly concedes that the district
court erred in dismissing Lang's claims against it on the basis of Lang's supposed
failure to plead that [the CRA] apprised it of the dispute."  *Id*. at 467.

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

18

material sufficient to raise a right to relief beyond mere speculation." *Id*. The court concluded that the consumer's complaint was "completely devoid of allegations addressed to notice" and thus, failed to state a claim under § 1681s-2(b). *Id*. at *7.

      3.    Plaintiff has not pleaded notice sufficiently to state a claim.

After reviewing the spectrum of case law on whether and to what extent a plaintiff must plead that a furnisher was notified of the disputed debt by a CRA, the undersigned concludes that such an allegation is required to state a claim under § 1681s-2(b) given that a furnisher has no obligation to undertake any of the duties set forth in § 1681s-2(b) unless and until it is notified of a dispute by a CRA.[6] I also conclude that plaintiff's complaint in this case contains no such express allegation, as conceded by plaintiff's counsel during oral argument. While plaintiff alleges that he notified all three CRAs of the dispute and that Washington Mutual refused to undertake a reinvestigation, plaintiff does not expressly state that any CRA notified

---

[6] At one point in his complaint, plaintiff's incorrectly asserts a claim that Washington Mutual's duty to investigate arose under § 1681i(a)(2). Plaintiff's Complaint, pp. 4, 6, ¶¶ 26, 39. This section plainly applies only to CRAs, not to furnishers. Thus, as Washington Mutual points out, plaintiff attempts to proceed under the wrong statutory provision. However, plaintiff also asserts that Washington Mutual's duty to reinvestigate arose under § 1681s-2(b). Complaint, p. 4, ¶ 32. Thus, this specific error is not necessarily fatal to plaintiff's cause of action. *Cf, Levine v. Citibank*, 2008 WL 220282 (S.D. Cal. 2008) (Fair notice includes referring to the particular section of the FCRA that the plaintiff claims was violated and the conduct that constituted such violations.).

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Washington Mutual of the dispute.  (Dkt. # 1, pp. 3-4, ¶¶ 21-22, 26).  Rather,

plaintiff alleges that Washington Mutual knew that the disputed debts were not his

because of an FBI investigation and because it did not foreclose on the property that

was secured by the debts.  (Dkt. # 1, p. 6, ¶ 41).

Plaintiff also argues that the requisite allegation of statutory notice should be

implied because he alleged that two of the three CRAs conducted reinvestigations

(after plaintiff provided them notice) and removed the disputed loans from the

reports they each maintained on plaintiff.  Thus, plaintiff argues, Washington

Mutual *must* have received notice from at least two credit reporting agencies.

I conclude that plaintiff's complaint is still deficient because he does not

specifically allege that any one of the other CRAs provided notice of the dispute to

Washington Mutual.  Rather, plaintiff argues that this conclusion can be inferred

from the allegations regarding the removal of the disputed debts from plaintiff's

credit reports by Experian and Equifax; that is, Washington Mutual must have

received notice from these CRAs and must have also informed them that the debts

should be removed.  However, the allegations on which plaintiff relies equally

suggest that Equifax and Experian removed the debts after conducting their own

investigations, resulting from an independent determination, rather than a

determination necessarily reached by Washington Mutual and communicated to the

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

CRAs.  While this is a close question, I conclude that relying on such a remote

inference is insufficient to suggest a plausible entitlement to relief.

      D.      <u>Plaintiff Should Be Permitted An Opportunity To Amend His
             Complaint, Consistent With This Report and Recommendation</u>.

Rule 15 provides that leave to amend a complaint shall be freely given when

justice so requires.  Fed.R.Civ.P. 15(a)(2).  In this case, there is a strong basis to

conclude that plaintiff should be given leave to amend his complaint.  As set forth

above, much of the law pertaining to plaintiff's claims under § 1681s-2(b) is

unsettled and not necessarily consistent, and is still evolving under *Twombly*.

Moreover, as set forth above, the question of whether plaintiff has stated a plausible

claim for relief under § 1681s-2(b) is a fairly close question.  Other courts have

allowed consumers an opportunity to amend under similar circumstances.  *See e.g.,*

*Knudson v. Wachovia Bank*, 513 F.Supp.2d 1255, 1258 (M.D. Ala. 2007) (Plaintiff

who failed to properly allege that notice was given by the CRA was permitted to

amend complaint, but cautioned to be mindful of Rule 11 and the requirements of

*Twombly*.); *Greene v. Capital One Bank*, 2008 WL 1858882, *4 (D. Utah 2008)

(Plaintiff's § 1681s-2(b) claim dismissed only after being given a reasonable

opportunity to amend the complaint to cure the notice defect and failing to do so.).

21

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Under these circumstances, the undersigned recommends that the District Court give plaintiff the opportunity to amend his complaint.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff be permitted 21 days from the date the District Court adopts this Report and Recommendation to file an amended complaint; and if plaintiff fails to do so, the undersigned recommends that the District Court **GRANT** Washington Mutual's motion to dismiss.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: June 10, 2008                                    s/Michael Hluchaniuk
                                                       Michael Hluchaniuk
                                                       United States Magistrate Judge

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>June 10, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following:<u> Wade D. Fulford, Christopher T. Lane, Brian A. Nettleingham, Gary D. Nitzkin, Theodore W. Seitz, and Aaron L. Vorce</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants<u>: not applicable</u>.

<div style="margin-left:50%">

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

</div>

Report and Recommendation
Washington Mutual's Motion to Dismiss
*Khalil v. Trans Union, et al*, Case No. 10303