UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD F. KHALIL,

                Plaintiffs,

                                        CIVIL CASE NO. 08-10303

v.

                                        HONORABLE STEPHEN J. MURPHY, III

TRANSUNION, LLC, and
WASHINGTON MUTUAL BANK, F.A.,

                Defendants.
_____/

## ORDER GRANTING DEFENDANT
## WASHINGTON MUTUAL BANK'S MOTION TO DISMISS

**I.    Background**

On January 22, 2008, the plaintiff Mohammad Khalil first filed suit against the defendants Transunion, LLC and Washington Mutual Bank, F.A ("Washington Mutual"), alleging, among other things, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  On January 6, 2009, the Court entered an order stipulated to by the parties which dismissed with prejudice all of the plaintiff's claims against the defendant Transunion, LLC.  Accordingly, only the defendant Washington Mutual remains in the case.

On March 21, 2008, Washington Mutual filed a first motion to dismiss the plaintiff's claims.  Pursuant to a ruling on this motion to dismiss, the plaintiff was directed to file an amended complaint.  On July 18, 2008, the plaintiff filed his amended complaint. Subsequently, Washington Mutual renewed its motion to dismiss the plaintiff's claims in the amended complaint on August 4, 2008.  It is this motion to dismiss the plaintiff's amended complaint which is now before the Court for consideration.

On December 17, 2008, without the Court's permission and in violation of Local Rule

7.1(f), the plaintiff filed a supplemental brief related to the motion to dismiss. Washington Mutual then filed a motion to strike the supplemental brief on January 14, 2009. In its motion, Washington Mutual also requested, in the alternative, that the Court accept its response to the plaintiff's supplemental brief. On January 28, 2009, the plaintiff submitted a motion for leave to file the supplemental brief. Washington Mutual's motion to strike and the plaintiff's motion for leave to file are also before the Court for consideration.

After having reviewed the pending motions and being fully advised in the premises, the Court finds that an oral hearing will not assist the Court in resolving the motions. Accordingly, the Court will rule on all the motions without oral hearing, pursuant to Local Rule 7.1(e)(2). In addition, in order to permit the parties to fully present their arguments, the Court will, in its discretion, permit the submission of the plaintiff's supplemental brief.

## II.     Analysis

Washington Mutual has filed a motion to dismiss the plaintiff's amended complaint. Pursuant to Federal Rule of Civil Procedure 12(b)(6), judgment against a plaintiff is appropriate when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. 12(b)(6). Summary judgment against a plaintiff is also appropriate when no genuine issue of material fact exists and the moving defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Here, in this case, the Court has reviewed the arguments and evidence presented by the parties, and finds that the plaintiff's claims should be dismissed.

First, under the FCRA, the plaintiff, as a private litigant, is not entitled to injunctive and declaratory relief against Washington Mutual. Though the Sixth Circuit Court of Appeals has not directly ruled on this issue, the Court finds the analysis of the Fifth Circuit

Court of Appeals compelling. In the case of *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263 (5th Cir. 2000), the Fifth Circuit Court of Appeals "considered the express language of the FCRA, canons of statutory construction, the affirmative grant of power to the FTC to pursue injunctive relief, and the absence of a similar grant to private litigants, and held that injunctive relief is not available to private litigants." *Holmes v. TeleCheck Int'l, Inc.*, 556 F. Supp. 2d 819, 848 (M.D. Tenn. 2008) (citing *Washington*, 199 F.3d at 268).

In opposition, the plaintiff relies on the United States Supreme Court ruling in *Califano v. Yamasaki*, 442 U.S. 682 (1979). The Court is not persuaded by the plaintiff's argument, and instead, finds the Fifth Circuit analysis in the *Washington* case to be convincing. Consequently, the Court concludes that the plaintiff is not entitled to equitable relief under the FCRA. The plaintiff's claim for injunctive relief must be dismissed.

The plaintiff's defamation claim also fails and must be dismissed. The plain language of the statute shows that the Congress intended to preempt any state law claim "with respect to any subject matter regulated under . . . section 1681s-2" of the FCRA, which is the applicable section governing the duties of Washington Mutual as a furnisher in this case. 15 U.S.C. § 1681t(b)(1). The plaintiff argues in opposition that his defamation claim is preserved under 15 U.S.C. § 1681h(e). The plaintiff's argument is not persuasive. Courts which have considered this issue have dismissed the same argument that the plaintiff now brings, and have ruled that the controlling statute is 15 U.S.C. § 1681t(b)(1). *See Ross v. Wash. Mut. Bank*, 566 F. Supp. 2d 468, 477-78 (E.D.N.C. 2008); *Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008). Consequently, the Court concludes that the plaintiff is not entitled to proceed on his defamation claim because it is preempted by the FCRA.

Finally, the plaintiff's remaining claims that Washington Mutual both negligently willfully violated 15 U.S.C. § 1681s-2(b) fail and must be dismissed. In order to support a valid claim under 15 U.S.C. § 1681s-2(b), there must be an allegation that a furnisher, like Washington Mutual in this case, received notice from a credit reporting agency ("CRA"). Because the plaintiff's original complaint failed to make this allegation, this Court permitted the plaintiff to amend his complaint. *See* Report and Recommendation, docket entry #23 (June 10, 2008); Order, docket entry #24 (July 17, 2008). In his amended complaint, the plaintiff only made a very general allegation that "upon information and belief," each of the nationwide CRAs had forwarded all information to Washington Mutual. *See* Amended Complaint, docket entry #25, ¶ 23 (July 18, 2008). The Court agrees with the analysis set out in *Densmore v. General Motors Acceptance Corp.*, 2003 WL 22220177 (N.D. Ill. Sept. 22, 2003), and finds that such a general allegation made by the plaintiff does not satisfy the requirement to adequately state a valid claim under Section 1681s-2(b).

In an apparent attempt to avoid dismissal of his Section 1681s-2(b) claims, the plaintiff submitted a supplemental brief on December 17, 2008, in which he argues that there is evidence that Transunion provided all relevant information to Washington Mutual. The Court does not find that the plaintiff's argument is persuasive. As Washington Mutual noted in its response to the supplemental brief, the deposition evidence reveals that Transunion did not forward all relevant information to Washington Mutual. Consequently, even when considering the facts in the light most favorable to the plaintiff, the plaintiff's Section 1681s-2(b) claims still fail as a matter of law.

In conclusion, for the above reasons, the Court finds that the plaintiff's remaining claims against Washington Mutual must be dismissed. The Court also finds that a second

amended complaint filed by the plaintiff in the future would be futile.  *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  Therefore, the Court will not permit the plaintiff to amend his complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Washington Mutual's motion to strike the plaintiff's supplemental brief [docket entry #53] is **DENIED** and the plaintiff's motion for leave to file a supplemental brief [docket entry #55] is **GRANTED**.

**IT IS FURTHER ORDERED** that Washington Mutual's motion to dismiss the plaintiff's first amended complaint [docket entry #28] is **GRANTED**.

**IT IS FURTHER ORDERED** that the joint motion to amend the scheduling order [docket entry #58] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  March 25, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager